IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES**

v.                                                      **CRIMINAL NO. 1:21-cr-123-TBM-RPM**

**YOHALMO ELISEO PINEDA-CRUZ**

### ORDER

Now before the Court is Defendant Yohalmo Eliseo Pineda-Cruz's Motion [36] to reconsider the Court's Order [34] denying Pineda-Cruz's Motion to Reduce Sentence under Sentencing Guidelines Amendment 821—Part A. The Government has not filed a response. Upon review of Pineda-Cruz's Motion, the record, and the applicable legal authority, the Court finds that Pineda-Cruz's Motion for Reconsideration [36] should be denied.

### I. BACKGROUND AND PROCEDURAL HISTORY

Pineda-Cruz's current term of incarceration results from his conviction on the single count Indictment of unlawful reentry by a removed alien previously convicted of a felony, in violation of Title 8 U.S.C. § 1326(a) and § 1326(b)(1). Pineda-Cruz was sentenced to a term of 24 months imprisonment, to run consecutively to the sentence imposed in 1:21-cr-140. On January 31, 2024, this Court denied Pineda-Cruz a sentence reduction under 2023 U.S.S.C. Amendment 821. He now seeks reconsideration of that decision and asks the Court to lower his criminal history points. Specifically, Pineda-Cruz argues that under Amendment 821—Part A, "the two criminal history points added at his sentencing in 2022 would *not* be added if Mr. Pineda-Cruz [was] sentenced today." [36], pg. 3. He further argues that, under this amendment, his criminal history category should be reduced from IV to III with a guideline range of 18 to 24 months. *Id*.

## II. DISCUSSION AND ANALYSIS

"Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device." *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). "Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 540 F. Supp. 2d 1176, 1179 (D. Or. 2008) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, Pineda-Cruz's Motion to reconsider is merely a form motion with no mention of what this Court must consider. Without more, his Motion should be denied. *See United States v. Heredia*, No. 19-cr-51-GGG, 2024 WL 3105019, at * 2 (E.D. La. Jun. 24, 2024).[1] To begin, he does not present the Court with newly discovered evidence, nor does he argue that such evidence exists. Second, he does not argue that there was any intervening change in the law. Finally, he does not argue that the Court erred in its prior decision or that any other circumstances exist warranting reconsideration. Instead, Pineda-Cruz simply argues that the Court should resentence him to avoid "unwanted sentencing disparities." And Pineda-Cruz does not point to any specific defendant who is similarly situated in terms of specific conduct and history. Further, even if it were assumed there were some

---

[1] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Whale Cap., L.P. v. Ridgeway*, 2024 WL 894866, at *1 (E.D. La. Mar. 1, 2024) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)).

type of minor disparity, Pineda-Cruz's original sentence of 24 months does not create such a disparity "between similarly situated defendants" to justify a different sentence. Indeed, even if his criminal history score was lowered by two points and his guideline range was recalculated, as requested, his sentence of 24 months would nevertheless be within the recalculated guideline range.

Finally, in consideration of the other Section 3553(a) factors, including the nature and circumstances of the offense and the need for the sentence imposed, the Court finds that he is not entitled to a reduction in sentence. As discussed at sentencing, Pineda-Cruz has a number of prior convictions for which he did not receive any criminal history points, including false identification to a peace officer, forgery, and taking a vehicle without the owner's permission. Pineda-Cruz also has multiple state convictions, despite being illegally present in the United States, as well as disciplinary action taken against him while incarcerated at Williamsburg FCI. Therefore, after careful consideration of the record, Pineda-Cruz's Motion, the applicable legal authority, the facts and circumstances of this case, the personal history and characteristics of Pineda-Cruz, the Court finds that Pineda-Cruz's original sentence of 24 months is appropriate. Pineda-Cruz's Motion for Reconsideration [36] is denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant Yohalmo Eliseo Pineda-Cruz's Motion for Reconsideration [36] is DENIED.

**This, the 24th day of July, 2024.**

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE